IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SOLO BRANDS, LLC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:25-cv-799 |
| SOLOKOOL, LLC, | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § | |

# COMPLAINT

Plaintiff Solo Brands, LLC ("Solo Brands") brings this Complaint against Defendant SoloKool, LLC ("SoloKool") and respectfully alleges as follows:

## I. NATURE OF THE CASE

1. This is an action for trademark infringement, false designation of origin, and unfair competition.

2. The trademark infringement count herein arises under 15 U.S.C. § 1114.

3. The false designation of origin and unfair competition count herein arises under 15 U.S.C. § 1125(a).

4. The declaratory judgment of non-registrability count herein arises under 15 U.S.C. § 1119.

## II. THE PARTIES

5. Solo Brands, LLC is a Texas limited liability company having a principal place of business at 1001 Mustang Dr., Grapevine, Texas 76051.

6. Defendant SoloKool, LLC is a Texas limited liability company having a principal place of business at 3790 Westchase Drive, Houston, Texas.

1

### III. JURISDICTION AND VENUE

7. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121(a), as well as 28 U.S.C. §§ 1331 and 1338, given Solo Brands' trademark and unfair competition claims.

8. This Court has personal jurisdiction over SoloKool which systematically conducts business in Texas and in this District. This Court also has personal jurisdiction because SoloKool because it is domiciled in Texas and has caused injury or damages in this state by offering to sell and selling infringing products to Texas residents.

9. Venue is proper in this District under 28 U.S.C § 1391 because a substantial part of the events or omissions giving rise to Solo Brands' claims occurred in this District. SoloKool advertises and does business with Texas residents located in this District and knowingly caused harm to Solo Brands, which is located in this District.

### IV. FACTUAL ALLEGATIONS

10. Solo Brands is a widely recognized, publicly-traded and respected consumer lifestyle company, known for its innovative and premium outdoor and recreational products.

11. Solo Brands owns and manages a portfolio of high-profile brands, including SOLO, SOLO STOVE, CHUBBIES, ORU KAYAK, ISLE, and others, which are sold throughout the United States and internationally.

12. Since its inception in 2011, Solo Brands quickly became a household name. Solo Brands has used its registered designs, as exemplified below, to promote its products and services throughout the world:





Source: https://solobrands.com/



Source: https://solobrands.com/

3





Source: https://www.solostove.com/en-us

13. Solo Brands has invested significant resources to develop, maintain, and sell its products. For example, Solo Brands' marketing spend under a certain marketing agreement was approximately $20 million between 2023 and 2024. Solo Brands has also paid for sponsorships, such as partnerships with Deion Sanders and Snoop Dogg, in order to further advertise its brand.

14. Since January 2012, Solo Brands has extensively promoted and sold goods and services under SOLO and SOLO-formative marks, and has developed a strong reputation among consumers, retailers, and industry professionals, especially in the outdoor products industry.

15. As a result of widespread use, substantial sales, and extensive marketing and media coverage, the SOLO and SOLO STOVE marks and associated branding have become widely recognized and are entitled to a broad scope of protection.

16. Solo Brands' SOLO and SOLO-formative marks, including SOLO STOVE, have been featured in national advertising campaigns, major media outlets, and industry reviews, and have achieved significant consumer recognition.

17. Solo Brands has won multiple awards and has developed considerable goodwill and brand equity in connection with outdoor products, fire pits, grills, and other items in the recreational outdoor goods market.

18. To protect its investment in its intellectual property, Solo Brands registers its marks in the U.S. Patent and Trademark Office ("USPTO") on the Principal Register.

19. Solo Brands is the owner of the following U.S. federal trademark registrations (hereafter, the "Solo Brands Marks" or "Solo Brands' Marks," and indicated by "Registration No." below) and various pending U.S. federal trademark applications (indicated by "Application No.") for or including SOLO.

| Mark/Name | USPTO STATUS | Date | Good and Services |
|---|---|---|---|
| SOLO STOVE | **Registration No.** 90021226 | Registration Date: January 19, 2021 | IC 011: Cooking stoves; portable fire pits; portable stoves; Charcoal grills; Barbecues and grills; fitted covers for cooking stoves; fitted covers for portable fire pits; fitted covers for portable stoves; cooking stove stands; portable fire pit stands; portable stove stands; cooking stove windscreens, namely, screens specially adapted for cooking stoves for shielding against wind; portable fire pit windscreens, namely, screens specially adapted for cooking stoves for shielding against wind; portable stove windscreens, namely, screens specially adapted for cooking stoves for shielding against wind; alcohol burners.<br><br>IC 021: Cookware, namely, portable non-disposable stainless steel pots and pans for outdoor use; portable non-disposable stainless steel cups for outdoor use; portable non-disposable stainless steel drinkware for outdoor |

| Mark/Name | USPTO STATUS | Date | Good and Services |
|---|---|---|---|
| | | | use; portable nondisposable stainless steel plates for outdoor use; Portable non-disposable stainless steel pots and pans for camping; portable non-disposable stainless steel bowls for outdoor use; cooking stove burner covers. |
| SOLO STOVE | **Registration No.** 4750307 | Registration Date: June 9, 2015 | IC 011: Portable stoves; Solid fuel burning stoves; Wood burning cooking stoves; Wood burning stoves. |
| solo stove | **Registration No.** 5511476 | Registration Date: July 10, 2018 | IC 011: Cooking stoves; Portable fire pits; Portable stoves.<br><br>IC 021: Cookware, namely, portable non-disposable stainless steel pots and pans for outdoor use; [ portable non-disposable stainless steel cups for outdoor use; portable non-disposable stainless steel drinkware for outdoor use; ] portable nondisposable stainless steel plates for outdoor use; Portable non-disposable stainless steel pots and pans for camping; portable non-disposable stainless steel bowls for outdoor use. |
| SOLO STOVE | **Registration No.** 6798886 | Registration Date: July 19, 2022 | IC 004: Charcoal briquettes; solid fire starters; firewood.<br><br>IC 029: Oil-based cooking spray and oil-based cooking spray containing seasoning.<br><br>IC 020: Storage racks for firewood, firepits, and firepit tools; Storage rack covers in the nature of fitted covers specially adapted for firewood, firepits, and firepit tools.<br><br>IC 025: Clothing, namely, shirts and T-shirts; hats. |
| SOLO TOGETHER | *Application No.* 98162607 | Filed: September 2, 2023 | IC 008: Hatchets; Hand tools, namely, hatchets.<br><br>IC 019: Concrete pavers used in landscaping applications; paving blocks, not of metal; paving stones; patio stones; concrete building materials, |

6

| Mark/Name | USPTO STATUS | Date | Good and Services |
|---|---|---|---|
| | | | namely, blocks, slabs, and panels; non-metal slabs of concrete; non-metal blocks of concrete.<br><br>IC 004: Patio torches; Outdoor torches; Garden torches; Decorative tabletop fueled torches; Candle torches; Patio, outdoor, and garden torch accessories, namely, covers and lids; Charcoal briquettes; solid fire starters; firewood.<br><br>IC 011: Cooking stoves; portable fire pits; portable stoves; charcoal grills; barbecues and grills; fitted covers for cooking stoves; fitted covers for portable fire pits; fitted covers for portable stoves; cooking stove stands; portable fire pit stands; portable stove stands; cooking stove windscreens, namely, screens specially adapted for cooking stoves for shielding against wind; portable fire pit windscreens, namely, screens specially adapted for cooking stoves for shielding against wind; portable stove windscreens, namely, screens specially adapted for cooking stoves for shielding against wind; alcohol burners; wood fired pizza ovens for cooking; gas fired pizza ovens for cooking; carry handles for fire pits; handheld butane torches for cooking and lighting fire pits, stoves, barbecues and grills; heat deflectors for fire pits; heat barriers for fire pits; portable tabletop fire pits; portable tabletop fire pit stands; carrying cases for portable tabletop fire pits; Air conditioners; portable air conditioners; Air conditioning apparatus; airflow splitters for air conditioners in the nature of valves for directing airflow; air conditioning apparatus, namely, extension tubes for use with portable air conditioners; electric portable coolers; portable thermoelectric cooling units for food and beverages; Water fountains; ornamental fountains; decorative water fountains.<br><br>IC 012: Cooler rack for vehicles; cooler rack for golf carts; racks for attaching to vehicles and golf carts for the purpose of securing coolers |

| Mark/Name | USPTO STATUS | Date | Good and Services |
|---|---|---|---|
| | | | and golf bags.<br><br>IC 018: Canvas log carriers; canvas wood carriers.<br><br>IC 009: Accessories for use with air conditioners, namely, electrical power supply cords, battery chargers, and batteries. IC 020: Storage racks for firewood, firepits, and firepit tools; storage rack covers in the nature of fitted covers specially adapted for firewood, firepits, and firepit tools; Furniture; concrete furniture; coffee tables.<br><br>IC 025: Clothing, namely, shirts and t-shirts; clothing tops; clothing bottoms; shorts; athletic shorts; sweat shorts; swimsuits; swim wear; pants; sport pants; hats.<br><br>IC 029: Oil-based cooking spray and oil-based cooking spray containing seasoning. |
| **SOLO** | *Application No.* 98162609 | Filed: September 2, 2023 | IC 004: Patio torches; Outdoor torches; Garden torches; Decorative tabletop fueled torches; Candle torches; Patio, outdoor, and garden torch accessories, namely, covers and lids; Charcoal briquettes; solid fire starters; firewood.<br><br>IC 009: accessories for use with air conditioners, namely, electrical power supply cords, battery chargers, and batteries.<br><br>IC 011: Cooking stoves; portable fire pits; portable stoves; charcoal grills; barbecues and grills; fitted covers for cooking stoves; fitted covers for portable fire pits; fitted covers for portable stoves; cooking stove stands; portable fire pit stands; portable stove stands; cooking stove windscreens, namely, screens specially adapted for cooking stoves for shielding against wind; portable fire pit windscreens, namely, screens specially adapted for cooking stoves for shielding against wind; portable stove windscreens, namely, screens specially adapted |

| Mark/Name | USPTO STATUS | Date | Good and Services |
|---|---|---|---|
| | | | for cooking stoves for shielding against wind; alcohol burners; wood fired pizza ovens for cooking; gas fired pizza ovens for cooking; carry handles for fire pits; handheld butane torches for cooking and lighting fire pits, stoves, barbecues and grills; heat deflectors for fire pits; heat barriers for fire pits; portable tabletop fire pits; portable tabletop fire pit stands; carrying cases for portable tabletop fire pits; **Air conditioners; portable air conditioners; Air conditioning apparatus; airflow splitters for air conditioners in the nature of valves for directing airflow; air conditioning apparatus, namely, extension tubes for use with portable air conditioners; electric portable coolers; portable thermoelectric cooling units for food and beverages;** Water fountains; ornamental fountains; decorative water fountains.<br><br>IC 012: Cooler rack for vehicles; cooler rack for golf carts; racks for attaching to vehicles and golf carts for the purpose of securing coolers and golf bags.<br><br>IC 019: Concrete pavers used in landscaping applications; paving blocks, not of metal; paving stones; patio stones; concrete building materials, namely, blocks, slabs, and panels; non-metal slabs of concrete; non-metal blocks of concrete.<br><br>IC 020: Storage racks for firewood, firepits, and firepit tools; storage rack covers in the nature of fitted covers specially adapted for firewood, firepits, and firepit tools; Furniture, namely, chairs, stools, sofas, couches, and love seats; concrete furniture, namely, chairs, stools, sofas, couches, and love seats; none of the aforesaid related to furniture glides, furniture made of metal, or tabletops. |

20.    The Solo Brands Marks give Solo Brands the exclusive right to use its registered marks in connection with, *inter alia*, the manufacture, sale, advertising, and promotion of outdoor

9

products, fire pits, grills, and related goods (collectively, along with the goods identified in the Solo Brands Marks, the "Solo Brands Goods"), as well as the right to exclude third parties from engaging in the unauthorized use of the Solo Brands Marks.

21. Solo Brands has built extensive goodwill in connection with the sale and provision of Solo Brands' Goods under the Solo Brands Marks.

22. On July 1, 2023, Solo Brands acquired IcyBreeze Cooling, LLC, a company specializing in portable air conditioning and cooler solutions, for $52.1 million[1], following Solo Brands' push to offer products within its natural zone of expansion in the outdoor recreation space. Because of Solo Brands' popularity, the acquisition was reported as news by many media outlets.

23. Solo Brands' has since rolled up the IcyBreeze Cooling line into its Solo Brands line of products.

24. After the acquisition, Solo Brands hired a marketing agency, Purple Orange Digital Communications, in order to further promote the Solo Brands Goods, including the IcyBreeze line, and, in so doing expending additional, significant financial resources to promote its brand.

25. On September 2, 2023, Solo Brands filed a trademark registration application for SOLO in 6 various classes, which included Class 11, covering portable air conditioners, portable electric coolers, and related accessories in the United States, on an intent to use basis (*see* USPTO App. Serial No. 98162609).

**SoloKool's Infringing Conduct**

26. In January 2024, about 6 months after Solo Brands acquired IcyBreeze Cooling, LLC, 6 months after news outlets reported the acquisition, and 4 months after Solo Brands filed

---

[1] *See* report by Market Screener, available at https://www.marketscreener.com/quote/stock/SOLO-BRANDS-INC-128691279/news/Solo-Brands-Inc-acquired-IcyBreeze-Cooling-LLC-for-52-1-million-44562833/

its intent-to-use trademark application covering portable air conditioners, portable electric coolers, and related accessories, SoloKool launched a line of portable coolers and related accessories under the "SOLOKOOL" name.

27. SoloKool's Mark, SOLOKOOL, combines the distinctive term SOLO with the generic/descriptive term KOOL relating to and describing SoloKool's air conditioners and their cooling effect. The only protectable term in SoloKool's Mark is the term SOLO, which directly overlaps with the Solo Brands Marks. SoloKool's Mark is thus nearly identical and highly similar to the Solo Brands Marks and the Solo Brands Goods in overall commercial impression, connotation, appearance, and sound.

28. Solo Brands' rights in the Solo Brands Marks and the issuance of all of Solo Brands' registrations predate SoloKool's use of SOLOKOOL. Thus, Solo Brands has priority over SoloKool in connection with the marks at issue.

29. On June 24, 2024, at 1:44 pm CST, after learning that SoloKool recently launched portable coolers and related accessories under the SOLOKOOL trademark, Solo Brands' attorney wrote to SoloKool to notify SoloKool of its trademark infringement, stating, *inter alia*, that the SOLOKOOL mark shares the dominant term from Solo Brands' SOLO STOVE mark for highly related goods within Solo Brands' natural zone of expansion. It was Solo Brands' intention to resolve the issue amicably.

30. Just two hours later, at 3:44 pm CST, SoloKool filed an application for the SOLOKOOL mark on an intent to use basis of the Trademark Act, 15 U.S.C. §1051, covering "Air-conditioning apparatus; Air-conditioning units; Air conditioners; Air conditioners for vehicles; Air conditioning apparatus; Air conditioning units; Air conditioning units for boats, ATVs, tents, golf carts; Portable air conditioners," in Class 11.

31. On July 12, 2024, SoloKool's counsel responded to Solo Brands' June 24, 2024 letter, denying assertions and refusing to engage in compromise.

32. SoloKool then continued its blatant infringement of Solo Brands' Marks by filing another trademark registration application on January 15, 2025 for SOLOBREEZE[2] in Class 11, covering air-conditioning apparatuses and air-conditioning units in the United States, on an intent to use basis (*see* USPTO App. Serial No. 98967104).

33. Based on the above timeline and similarly of the products, it is evident that SoloKool intended and intends to capitalize on Solo Brands' goodwill, mark recognition, and notoriety in order to create an impression that SoloKool's air conditioner and cooling products are associated with Solo Brands' and its acquired line of products formerly known as IcyBreeze.

34. SoloKool has caused confusion among consumers by intentionally implying an affiliation with the Solo Brands Goods, as well as an affiliation and endorsement by Solo Brands in an area that is within the natural zone of expansion for Solo Brands' products and the Solo Brands Goods.

### Solo Brands' Marks are Unique and Distinctive

35. Solo Brands has valuable common law rights in the Solo Brands Marks that predate the filing of SoloKool's application by virtue of extensive use and promotion in commerce.

36. The Solo Brands Marks serve as unique and famous source identifiers for Solo Brands and various outdoor products. Solo has invested millions of dollars in worldwide advertising and marketing to build the fame, reputation, and goodwill of the Solo Brands Marks. It advertises through a variety of media, including television, the internet, radio, newspapers, magazines, and direct mail, across the country and the world.

---

[2] SOLOBREEZE is a blatant play on the SOLO mark plus the IcyBreeze portable cooler brand acquired by Solo Brands.

37. The Solo Brands Marks are distinctive designations of the source of origin of Solo Brands' products. They are uniquely associated with Solo Brands and its high-quality goods, and are assets of incalculable value as symbols of Solo Brands, its quality goods, and its goodwill.

38. As a result of Solo Brands' extensive and continuous advertising, promotion, and use of the Solo Brands Marks, they distinctive and widely recognized by the general consuming public of the United States as a designation of the source of the involved goods.

39. Upon information and belief, Solo Brands competes with SoloKool in the outdoor products industry.

40. Solo Brands and SoloKool offer their respective goods to the same purchasers and potential purchasers through the same or related channels of trade.

41. SoloKool's use of the SOLOKOOL mark on its products, since at least January 2024, is likely to cause consumers to become confused, mistaken, or deceived, and to falsely suggest a connection with Solo Brands or the Solo Brands Marks.

42. Solo Brands did not and does not license, approve, endorse, authorize, or sponsor SoloKool's use of "Solo" in SOLOKOOL

43. As of the filing of this Complaint, SoloKool still maintains use of "SOLOKOOL" without Solo Brands' license, approval, endorsement, affiliation, or authorization.

44. In view of Solo Brands' prior rights in the highly similar and well-known Solo Brands Marks, and due to SoloKool's use of the SOLO and SOLO-formative marks for identical and highly-similar goods in the outdoor products industry, SoloKool's improper use of SOLOKOOL has caused Solo Brands and the Solo Brands Goods considerable harm.

## V.     CAUSES OF ACTION

### COUNT I
### Trademark Infringement Under 15 U.S.C. § 1114

45. Solo Brands realleges and incorporates by reference all material allegations in the preceding paragraphs as if fully set forth herein.

46. The Solo Brands Marks are inherently distinctive and continue to acquire distinctiveness and goodwill in the marketplace through Solo Brands' use of those marks in commerce. As a result of their widespread and continuous use, Solo Brands' Marks have become associated in the minds of consumers and purchasers of outdoor products with Solo Brands and the Solo Brands Goods. The reputation and goodwill that it has built up in the Solo Brands Marks is of great value to Solo Brands.

47. The types of products for which SoloKool uses Solo Brands' Marks is identical or substantially similar to products offered by Solo Brands, and/or within Solo Brands' natural zone of expansion.

48. SoloKool's conduct—including its prominent use of Solo Brands' Marks in conjunction with promoting and selling its SOLOKOOL products—has caused and is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of SoloKool with Solo Brands, or as to the origin, sponsorship, or approval of SoloKool's goods and services by Solo Brands.

49. SoloKool's acts constitute infringement of one or more Solo Brands Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

50. Solo Brands has sustained injury, damage, and loss as a result of SoloKool's infringement.

51. Solo Brands is entitled to monetary damages for SoloKool's infringement.

52. SoloKool has acted with knowledge of Solo Brands' ownership of the Solo Brands Marks and with a deliberate intent or willful blindness to unfairly benefit from the goodwill symbolized by the marks. SoloKool willfully infringed one or more of the Solo Brands Marks, and the intentional nature of its actions makes this case exceptional under 15 U.S.C. § 1117(a).

**COUNT II**
**False Designation of Origin and Unfair Competition Under 15 U.S.C. § 1125(a)**

53. Solo Brands realleges and incorporates by reference all material allegations in the preceding paragraphs as if fully set forth herein.

54. Solo Brands has federal and common law trademark rights in the Solo Brands Marks.

55. SoloKool is displaying and using the Solo Brands Marks in interstate commerce by selling its SOLOKOOL air conditioner and associated products, but with no authorization to use the Solo Brands Marks from Solo Brands.

56. SoloKool's conduct did and is likely to cause confusion, mistake, or deception as to its affiliation, connection, or association with Solo Brands, or as to the origin, sponsorship, or approval of SoloKool's goods by Solo Brands.

57. SoloKool's acts constitute false designation of origin, which is likely to cause, and have caused, confusion in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58. The intentional nature of SoloKool's actions entitles Solo Brands to recover profits, damages, and attorney fees under 15 U.S.C. § 1117(a).

59. SoloKool's actions have caused and will continue to cause damage to the goodwill of Solo Brands and the Solo Brands Goods. SoloKool's acts damage Solo Brands by undermining consumers' association of the Solo Brands Marks with Solo Brands.

60. Solo Brands has no control over the nature or quality of the products sold and offered for sale by SoloKool. Any failure, neglect, or default of SoloKool in providing quality goods to consumers will reflect adversely upon Solo Brands as the perceived source of origin and/or perceived approval of SoloKool's products, and may also cause damage to the consuming public.

61. Solo Brands has sustained injury, damage, and loss based on SoloKool's actions which include financial losses suffered as a result of the false association, corrective costs to rectify misleading information, and the damage to Solo Brands' reputation.

## COUNT III
### Declaratory Judgment of Non-Registrability Under 15 U.S.C. § 1119

62. Solo Brands realleges and incorporates by reference all material allegations in the preceding paragraphs as if fully set forth herein.

63. Solo Brands seeks a declaratory judgment of non-registrability for of U.S. Trademark Application Serial Nos. 98615972 and 98967104 pursuant to 15 U.S.C. § 1119.

64. There is an actual, substantial, continuing, and justiciable controversy between Solo Brands and SoloKool regarding the registrability of SoloKool's infringing marks. SoloKool has applied to register the infringing marks with the United States Patent and Trademark Office in its own name, which applications are pending.

65. Solo Brands is the owner of the Solo Brands Marks, which have achieved incontestable status, and which Solo Brands has been using in various forms and within various trade channels since 2011.

66. On June 24, 2024 and January 15, 2025, SoloKool U.S. Trademark Application Serial Nos. 98615972 and 98967104, respectively, with the USPTO seeking to register its infringing marks.

67. SoloKool's applications for its infringing marks are in direct conflict with the Solo Brands Marks, which have priority.

68. A declaratory judgment of non-registrability is proper because SoloKool's use of its infringing marks in connection with the sale of products is likely to cause consumer confusion, mistake, and deception in violation of 15 U.S.C. § 1114.

69. SoloKool's use of its infringing marks misrepresents the source of goods in connection with which the marks are being used and falsely suggests a connection or affiliation with Solo Brands and a sponsorship or approval by Solo Brands, in violation of 15 U.S.C. § 1125(a).

70. In the alternative, if SoloKool denies that, as it represented to the USPTO, that it owns and uses its infringing marks, a declaratory judgment of non-registrability is proper because the applications are void *ab initio* because SoloKool is not the proper party to seek registration. 37 C.F.R. § 2.71(d) ("An application filed in the name of an entity that did not own the mark as of the filing date of the application is void.").

71. Solo Brands respectfully requests that the Court declare that SoloKool is not entitled to obtain federal trademark registrations for SoloKool's infringing marks, including pursuant to U.S. Application Serial Nos. 98615972 and 98967104, and issue an order directing the United States Patent and Trademark Office to refuse or abandon U.S. Application Serial Nos. 98615972 and 98967104, pursuant to the Court's equitable powers and consistent with the relief authorized under 15 U.S.C. § 1119.

### VI. ATTORNEYS FEES

72. Solo Brands realleges the material factual allegations in the preceding paragraphs.

73. Solo Brands was required to retain legal services to pursue its prosecution of the claims asserted herein. Pursuant to at least 15 U.S.C. § 1117(a) under the Lanham Act, Solo Brands

seeks its reasonable and necessary attorneys' fees for the willful, malicious and deliberate acts of infringement and unfair competition by SoloKool.

## VII.   CONDITIONS PRECEDENT

74.   All conditions precedent to these claims have been performed by Solo Brands, been waived, or occurred.

## VIII.   JURY DEMAND

75.   Solo Brands hereby demands a trial by jury of all claims so triable.

## IX.   PRAYER FOR RELIEF

Therefore, Solo Brands respectfully requests that the Court enter an order and/or judgment awarding Solo Brands:

a. disgorgement of all ill-gotten or unjust revenues, profits, and benefits that SoloKool derived as a result of its trademark infringement and other misconduct alleged herein, pursuant to the Lanham Act (15 U.S.C. § 1117(a));

b. find that this case is "exceptional" pursuant to 15 U.S.C. § 1117;

c. statutory damages, including pursuant to 15 U.S.C. § 1117(c) and (d), and 17 U.S.C. § 504(c);

d. all actual damages that Solo Brands has incurred due to SoloKool's actions, including compensatory and consequential damages, as well as exemplary damages due to SoloKool's willful conduct;

e. declare that SoloKool is not entitled to obtain federal trademark registrations for its infringing marks, including pursuant to U.S. Application Serial Nos. 98615972 (for "SOLOKOOL") and 98967104 (for "SOLOBREEZE"), and issue an order directing the United States Patent and Trademark Office to refuse or abandon the foregoing applications, pursuant to the Court's equitable powers and consistent with the relief authorized under 15 U.S.C. § 1119;

f. prejudgment and post-judgment interest at the highest rates allowed by law;

g. costs and attorneys' fees, including for any appeal; and

h. all other relief to which Solo Brands is justly entitled by law or in equity.

Dated: July 25, 2025

Respectfully submitted,

*/s/ Bina Palnitkar*

Bina Palnitkar
State Bar No. 24070378
bina@gtlaw.com
GREENBERG TRAURIG LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone: (214) 665-3600

Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

*Attorneys for Plaintiff*
*Solo Brands, LLC*