IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
<u>FORT WORTH DIVISION</u>

| | | |
|---|---|---|
| SOLO BRANDS, LLC | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No. 4:25-CV-00799-O |
| | § | |
| v. | § | |
| | § | |
| SOLOKOOL LLC, | § | Jury Trial Demanded |
| | § | |
| *Defendant.* | § | |

## <u>SOLOKOOL'S OPPOSED MOTION TO STRIKE PORTIONS OF COMPLAINT</u>

Pursuant to Fed. R. Civ. P. 12(f), Defendant SoloKool LLC, moves to strike Plaintiff Solo Brands, LLC's reliance upon pending trademark *applications* as a basis for part of its trademark infringement claims in its Complaint (ECF No. 1). The gist of plaintiff's Complaint is that SoloKool infringes because its SOLOKOOL mark, used on portable air conditioners that are sold in the United States, contains the term "Solo." The background and basis for the motion are set forth below.

### I. BACKGROUND

SoloKool is owned by Robert Vu, his wife and his sons. Appendix 2 at ¶ 2 (hereinafter "App."). Mr. Vu began using trademarks containing "Solo" in 2008. App. 2 at ¶ 3. The first "Solo" trademark, SOLOBREW, was used in connection with a product for brewing coffee or tea. *Id*. From that time forward, Mr. Vu used other marks including SOLOFILL, SOLOPAD, SOLOPOD, and SOLOGRIND in connection with coffee and tea related products. App. 2 at ¶¶ 4-5. Solo Brands' Complaint refers to these types of marks as "SOLO-formative marks." *See, e.g.*, Complaint at ¶¶ 14, 16, and 44.

- 1 -

In approximately January 2012, more than three years *after* Mr. Vu began using a SOLO-formative mark, plaintiff Solo Brands began using a SOLO-formative mark. Complaint at ¶ 14. Presumably the mark used in January 2012 was the SOLO STOVE mark that Solo Brands uses in connection with its backpack stoves and smokeless backyard fire pits.

In 2018, Mr. Vu launched an effort to develop another product, a portable air conditioner and cooler. App. 2 at ¶ 6. On November 25, 2020 Mr. Vu and his family obtained a website domain for www.solokool.com. *Id*. On December 7, 2021 they incorporated as a limited liability company in Texas with the name "SoloKool LLC." App. 3 at ¶ 7. From 2018 until now, they have worked continuously to design, develop, manufacture, market, and sell portable air conditioners, coolers, and related accessories. App. 2 at ¶ 6. From at least November 25, 2020, if not earlier, that work was carried out under the SOLOKOOL name, brand, and mark. *Id*. A representative version of the portable air conditioner is set forth below.



A competing portable air conditioner was available in the consumer market. That portable air conditioner was developed, marketed, and sold by a company named IcyBreeze Cooling, LLC. App. 3 at ¶ 8. The trademark for that portable air conditioner was ICYBREEZE. *Id*. On July 1,

2023, Solo Brands, Inc., a publicly traded Delaware company that is not a party here, closed a deal that acquired IcyBreeze Cooling, LLC. Complaint at ¶ 22, n.1. Solo Brands, LLC, the plaintiff here, is a subsidiary of Solo Brands, Inc. Solo Brands' Certificate of Interested Persons (ECF No. 2). The July 1, 2023 acquisition which brought Solo Brands, Inc. and Solo Brands, LLC into the portable air conditioner market was five years *after* SoloKool began developing its SOLOKOOL portable air conditioner and almost three years *after* SoloKool registered the solokool.com website.

After the July 1, 2023 acquisition, Solo Brands, LLC took steps in the United States Patent and Trademark Office ("USPTO") to obtain marks other than ICYBREEZE for portable air conditioners, as evidenced by the SOLO TOGETHER and SOLO trademark applications filed on September 2, 2023 listing "portable air conditioners" as one of the covered goods. Complaint at ¶ 19 (pp. 7 and 9). However, Solo Brands still markets a portable air conditioner under the ICYBREEZE mark. A screenshot of the landing page for the solobrands.com website from September 28, 2025 is reproduced below (IcyBreeze in lower right corner).

| solo brands | About Solo Brands | Our Values | Shop Our Brands |
|---|---|---|---|
| | Careers | Overview | Solo Stove |
| | Overview | Initiatives | Chubbies |
| | A Letter to Our Customers | Learn about Foundation 43 | Oru Kayak |
| | The Solo Brands Difference | Learn about One Tree Planted | ISLE |
| | Our Story | | IcyBreeze |
| | Our Culture | | |
| | Privacy Policy | | |

App. 6 at ¶ 4.

Solo Brands brought this trademark infringement claim against SoloKool notwithstanding the fact that SoloKool had named and branded its portable air conditioners as SOLOKOOL almost three years *before* Solo Brands had portable air conditioners.

## II. SOLO BRANDS' COMPLAINT

Solo Brands' Complaint relies in part on two of its *pending applications* for trademark registration. The first application is for the trademark SOLO TOGETHER and is further identified by its Serial No. 98162607. Complaint at ¶ 19 (p. 6 at bottom). The second application is for the trademark SOLO and is further identified by its Serial No. 98162609. Complaint at ¶ 19 (p. 8 at bottom). These two *applications* for trademarks are included in a table along with other *registered* trademarks that Solo Brands contends are the "Solo Brands Marks" that are allegedly infringed by SoloKool. Complaint at ¶ 19 (p. 5) and at ¶ 49.

## III. STATUS OF SOLO BRANDS' APPLICATIONS

The first application that Solo Brands relied on, Serial No. 98162607 for SOLO TOGETHER, is still pending with the USPTO. It was an Intent To Use application that was allowed, published for opposition, opposed by a third party and allowed after settlement. Solo Brands has not yet filed proof of use. That Application, Serial No. 98162607, is *not currently registered* and will not be registered if Solo Brands does not prove use on all the goods listed in the trademark application.

The second application that Solo Brands relied on, Serial No. 98162609 for SOLO, is currently in suspension at the USPTO, and any allowance of it is highly doubtful. For good reason. Although Solo Brands mistakenly considers itself the owner of the SOLO word for a wide range of goods, there are many other uses of SOLO that are prior to Solo Brands' application. Red and blue plastic SOLO cups have been around since the 1970s. A portion of the entry in wikipedia.org for "Solo Cup Company" from September 28, 2025 is reproduced below.

From Wikipedia, the free encyclopedia

**Solo Cup Company** is an American manufacturer of disposable consumer products including beverage cups, disposable plates, and bowls. Solo Cup Company is located in Lake Forest, Illinois, and in 2006 had sales of $2.4 billion. On May 4, 2012, Solo Cup Company was acquired by Dart Container.[1][2][3]

## History [ edit ]



| Solo Cup Company | |
|---|---|
| | |
| Company type | Subsidiary |
| Founded | 1936 |
| Founder | Leo Hulseman |
| Headquarters | Lake Forest, Illinois |
| Products | Disposable cups |
| Parent | Dart Container |
| Website | solocup.com |

Leo Hulseman, a former employee of the Dixie Co. in the 1930s, created the "Solo Cup", a paper cone he made at his home and sold to bottled-water companies. Later the company developed other products, like wax-coated cups and the plastic Cozy Cup. The wax-coated cups were added to its lineup in the 1950s, as fountain sodas gained popularity.[citation needed]

Leo Hulseman founded the Solo Cup Company in 1936, The company was originally incorporated in 1955 under the name Hulseman Paper Corporation.

In the 1970s, Hulseman's son, Robert Leo Hulseman, came up with the now-ubiquitous (in the United States), red Solo cup. The red Solo cups are made of thick, molded polystyrene. They are known for being able to withstand drops, easily stackable, and disposable while price accessible. Their characteristic red color may conceal the drinking contents.[5]

On June 30, 1980, SOLCO, Inc. and RM LEASING CORPORATION merged into Solo Cup Company.

On March 1, 2004, Solo acquired Sweetheart Cup Company for $917.2 million, in part with public debt. Sweetheart was founded by Joseph Shapiro and his four brothers, emigrants from Russia. It became the largest consumer packaging company in the world and was sold several times before



A basic 16 ounce (473 mL) Solo cup

Many uses of SOLO in trademarks avoid the commonality of SOLO by combining the term SOLO with another term to distinguish the marks from each other. Some other *earlier* uses of SOLO-formative marks to denote goods the same as or similar to those in Solo Brands' trademark application for SOLO are: SOLOCHILL, SOLO-AIRE, SOLOTOUR, SOLÔFUN, SOLO-CONTROL, SOLOCART, SOLOHIKE, and SOLOWILDER. App. 4 at ¶ 3. In short, Solo Brands' belief that it owns SOLO for a wide range of similar goods is mistaken, and its trademark application for SOLO, without any other distinguishing formative term, is not likely to be registered. However, the decisive fact here is that Application Serial No. 98162609 is not *currently registered*.

The fact that neither of the trademarks, SOLO TOGETHER and SOLO, are registered is admitted in the Complaint at ¶ 19 where both alleged trademarks are identified as an "Application" and not as a "Registration." This is the only fact needed to decide this motion.

## IV.     STATUTORY GROUND FOR SOLO BRANDS' INFRINGEMENT CLAIM

Solo Brands' trademark infringement claim is brought under 15 U.S.C. § 1114. Complaint at ¶ 49. That statute provides relief only for infringement of a "registered mark."

> Any person who shall, without the consent of the registrant –
> (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a *registered mark* . . . shall be liable in a civil action . . . .

15 U.S.C. § 1114(a) (emphasis added). The SOLO TOGETHER and SOLO marks are not "registered" and cannot be used to establish an infringement claim.

## V.     MOTION TO STRIKE

Under the Federal Rules, "a court may strike from a pleading . . . any . . . immaterial, [or] impertinent . . . matter." Fed. R. Civ. P. 12(f). SoloKool moves to strike Solo Brands' reliance on Application Serial Nos. 98162607 and 98162609 under Fed. R. Civ. P. 12(f) because those applications are immaterial to and impertinent to Solo Brands' trademark infringement claim.

Solo Brands may argue that its attempt to define the infringed "Solo Brands Marks" as only the "Registration[s]" and not the "various pending U.S. federal trademark applications" listed in the same table, Complaint at ¶ 19, is a sufficient distinction. *If* that is what they intended, that slight nuance will be lost on a jury. Solo Brands included the immaterial and impertinent applications in the table along with its registered marks attempting to mislead, and it will continue its effort with a jury who will be misled into thinking that Solo Brands has *registered* rights in SOLO and SOLO TOGETHER, when it does not. In fact, the mistaken assumption that Solo Brands hoped for, confusing its SOLO and SOLO TOGETHER *applications* for actual *registered*

trademarks, has already happened in this case. The court's clerk is required to give notice to the USPTO of patent or trademark infringement actions, and in that notice to provide the USPTO with the numbers of the issued patents or registered trademarks at issue. In this case, the court's clerk identified the SOLO TOGETHER and SOLO *applications* as actual registrations, when they are not. Report on the Filing or Determination of an Action Regarding a Patent or Trademark (ECF No. 4) (identifying 98162607 and 98162609 as registered "Trademarks"). The court's clerk was confused by Solo Brands' smoke and mirror trick, and a jury will be similarly confused. The applications are immaterial and impertinent to Solo Brands' trademark infringement claim and should be stricken to avoid more significant confusion than has already occurred here.

A proposed Order to Strike is filed herewith and will be e-mailed to the court in accordance with the local requirements.

## VI. CERTIFICATE OF INTERESTED PERSONS (L.R. 7.4)

SoloKool previously filed its Certificate. ECF No. 8.

## VII. CERTIFICATE OF CONFERENCE (L.R. 7.1(b))

The undersigned counsel for SoloKool, Michael Wilson, conferred with Bina Palnitkar, counsel for Solo Brands, by E-mail on September 29, 2025. Agreement was not reached. Plaintiff contends that the Complaint is not misleading. This motion is opposed.

Dated: September 29, 2025						Respectfully submitted,

							*/s/ Michael E. Wilson*
							Attorney-In-Charge
							*Pro Hac Vice* pending
							Texas Bar No. 21704650
							**MIKE WILSON LAW, PLLC**
							1223 Commercial Street
							Bellingham, WA 98225
							Tel: (713) 569-1198
							Fax: (360) 524-4393
							E-mail: Mike@MikeWilson.Law

							Warren Norred
							Texas Bar No. 24045094
							**NORRED LAW PLLC**
							515 E. Border Street
							Arlington, TX 76010
							Tel: (817) 500-9433
							Email: WNorred@NorredLaw.com

							***Attorneys for Defendant SoloKool LLC***

## CERTIFICATE OF SERVICE

On September 29, 2025 I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

							*/s/ Michael E. Wilson*