# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# <u>FORT WORTH DIVISION</u>

| | | |
|---|---|---|
| SOLO BRANDS, LLC | § | |
| | § | |
| *Plaintiff and* | § | Civil Action No. 4:25-CV-00799-O |
| *Counterclaim Defendant,* | § | |
| | § | |
| v. | § | |
| | § | |
| SOLOKOOL LLC, | § | Jury Trial Demanded |
| | § | |
| *Defendant and* | § | |
| *Counterclaim Plaintiff.* | § | |

## <u>DEFENDANT SOLOKOOL'S ANSWER AND COUNTERCLAIM</u>

Defendant SoloKool LLC hereby provides its Answer to plaintiff Solo Brands, LLC's Complaint (ECF No. 1) and a Counterclaim for relief.

## I. NATURE OF THE CASE

1. SoloKool admits the Complaint alleges trademark infringement, false designation of origin, and unfair competition. SoloKool denies those allegations.

2. SoloKool admits that 15 U.S.C. § 1114 establishes a cause of action for infringement of a registered trademark. SoloKool denies infringement and denies any other allegations of paragraph 2.

3. SoloKool admits that 15 U.S.C. § 1125(a) establishes a cause of action for false designation of origin and other actions commonly referred to as unfair competition. SoloKool denies that it has falsely designated origin or engaged in unfair competition.

4. SoloKool admits that 15 U.S.C. § 1119 establishes a right to obtain a decree or order directing the U.S. Patent and Trademark Office to take action with respect to the registrations

of any party to the action. SoloKool denies that Solo Brands is entitled to a declaratory judgment of non-registrability of any SoloKool mark.

## II. THE PARTIES

5. Admitted.

6. SoloKool admits that SoloKool LLC is a Texas limited liability company having a principal place of business at 3790 Westchase Drive, Houston, Texas. There is no comma between SoloKool and LLC in the Texas incorporation name.

## III. JURISDICTION AND VENUE

7. Admitted.

8. SoloKool admits to personal jurisdiction here and to being domiciled in Texas. SoloKool denies the remaining allegations of this paragraph.

9. SoloKool does not challenge venue here. SoloKool denies the remaining allegations of this paragraph.

## IV. FACTUAL ALLEGATIONS

10. SoloKool lacks knowledge or information sufficient to form a belief as to the truth of this averment.

11. SoloKool lacks knowledge or information sufficient to form a belief as to the truth of this averment.

12. SoloKool lacks knowledge or information sufficient to form a belief as to the truth of this averment.

13. SoloKool lacks knowledge or information sufficient to form a belief as to the truth of this averment.

14. Denied as to the SOLO mark. SoloKool lacks knowledge or information sufficient to form a belief as to the truth of this averment with respect to SOLO-formative marks.

15. Denied as to the SOLO mark. SoloKool lacks knowledge or information sufficient to form a belief as to the truth of this averment with respect to the SOLO STOVE mark.

16. Denied as to the SOLO mark. SoloKool lacks knowledge or information sufficient to form a belief as to the truth of this averment with respect to SOLO-formative marks, including SOLO STOVE.

17. SoloKool lacks knowledge or information sufficient to form a belief as to the truth of this averment.

18. SoloKool lacks knowledge or information sufficient to form a belief as to the truth of this averment.

19. SoloKool lacks knowledge or information sufficient to form a belief as to the truth of this averment.

20. Denied.

21. SoloKool lacks knowledge or information sufficient to form a belief as to the truth of this averment.

22. SoloKool lacks knowledge or information sufficient to form a belief as to the truth of this averment.

23. SoloKool lacks knowledge or information sufficient to form a belief as to the truth of this averment.

24. SoloKool lacks knowledge or information sufficient to form a belief as to the truth of this averment.

25. SoloKool admits that Solo Brands filed trademark registration *application* serial no. 98162609 for SOLO in trademark classifications including Classes 4, 11, 12, 18, 19, 20, and 25 on September 2, 2023. SoloKool admits that the application was made on an intent to use basis. SoloKool admits that the description of goods in the application for Class 11 included "portable air conditioners," "electric portable coolers," and "accessories for use with air conditioners." SoloKool denies the remaining averments of this paragraph.

26. SoloKool admits that it sells portable coolers and related accessories under the SOLOKOOL name. SoloKool denies the remaining averments of this paragraph.

27. SoloKool admits that the mark SOLOKOOL combines the term SOLO with the term KOOL. SoloKool denies the remaining averments of this paragraph.

28. Denied.

29. SoloKool admits that a Solo Brands' attorney sent a letter to SoloKool on June 24, 2024. SoloKool lacks knowledge or information sufficient to form a belief as to the truth of the remainder of this averment.

30. SoloKool, which was incorporated under the name "SoloKool LLC" on December 7, 2021 with its main purpose being to develop, market, and sell portable air conditioning units and related accessories, admits that it filed a trademark registration application for its SOLOKOOL mark on an intent to use basis of the Trademark Act, 15 U.S.C. § 1051 on June 24, 2024. SoloKool admits that the application was filed at approximately 3:44 p.m. Central Daylight Time. SoloKool admits that the application, as filed, covered the following goods in Class 11: Air-conditioning apparatus; Air-conditioning units; Air conditioners; Air conditioners for vehicles; Air conditioning apparatus; Air conditioning units; Air conditioning units for boats, ATVs, tents, golf carts; Portable air conditioners. SoloKool denies the remaining averments of this paragraph.

31. SoloKool admits that on July 12, 2024 its counsel responded to the June 24, 2024 letter from Solo Brands' attorney and denied Solo Brands' assertions. SoloKool denies the remaining averments of this paragraph.

32. SoloKool admits that on January 15, 2025 it filed an intent-to-use trademark registration application serial no. 98967104 in the United States Patent and Trademark Office ("USPTO") for SOLOBREEZE in Class 11 for "Air-conditioning apparatus" and "Air-conditioning units." SoloKool denies the remaining averments of this paragraph and its footnote.

33. Denied.

34. Denied.

35. SoloKool lacks knowledge or information sufficient to form a belief as to the truth of this averment.

36. SoloKool lacks knowledge or information sufficient to form a belief as to the truth of this averment.

37. SoloKool lacks knowledge or information sufficient to form a belief as to the truth of this averment.

38. SoloKool lacks knowledge or information sufficient to form a belief as to the truth of this averment.

39. SoloKool lacks knowledge or information sufficient to form a belief as to the truth of this averment.

40. SoloKool lacks knowledge or information sufficient to form a belief as to the truth of this averment.

41. Denied.

42. SoloKool lacks knowledge or information sufficient to form a belief as to the truth of this averment.

43. Admitted.

44. Denied.

### V. CAUSES OF ACTION

#### COUNT I

**Trademark Infringement Under 15 U.S.C. § 1114**

45. SoloKool repeats and incorporates by reference its responses to the referenced paragraphs of the Complaint as set forth above.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

#### COUNT II

**False Designation of Origin and Unfair Competition Under 15 U.S.C. § 1125(a)**

53. SoloKool repeats and incorporates by reference its responses to the referenced paragraphs of the Complaint as set forth above.

54. SoloKool lacks knowledge or information sufficient to form a belief as to the truth of this averment.

55. SoloKool admits that it displays and uses the SOLOKOOL mark and sells a portable air conditioner and associated products with the SOLOKOOL mark in interstate commerce. SoloKool admits that it does not have authorization from Solo Brands to do so because no authorization is needed. SoloKool denies the remaining averments of this paragraph.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. SoloKool admits that Solo Brands has no control over the nature or quality of the products sold and offered for sale by SoloKool. SoloKool denies the remaining averments of this paragraph.

61. Denied.

**COUNT III**

**Declaratory Judgment of Non-Registrability Under 15 U.S.C. § 1119**

62. SoloKool repeats and incorporates by reference its responses to the referenced paragraphs of the Complaint as set forth above.

63. The averments in this paragraph are statements of Solo Brands' intent to which no response is required. To the extent that any response is required, the averments of this paragraph are denied.

64. SoloKool admits that it has applied to register its SOLOKOOL and SOLOBREEZE marks with the USPTO and that the applications are pending. SoloKool admits that there is an actual, substantial, continuing, and justiciable controversy between Solo Brands and SoloKool

regarding the registrability of SoloKool's SOLOKOOL and SOLOBREEZE marks. SoloKool denies the remaining averments of this paragraph.

65. SoloKool lacks knowledge or information sufficient to form a belief as to the truth of this averment.

66. SoloKool admits that it filed U.S. Trademark Application Serial Nos. 98615972 and 98967104 on June 24, 2024 and January 15, 2025 respectively with the USPTO seeking registration of the respective marks. SoloKool denies the remaining averments of this paragraph.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. SoloKool denies that Solo Brands is entitled to the relief requested in this paragraph.

## VI. ATTORNEYS FEES

72. SoloKool repeats and incorporates by reference its responses to the referenced paragraphs of the Complaint as set forth above.

73. SoloKool lacks knowledge or information sufficient to form a belief as to the truth of Solo Brands' averment that it was required to retain legal services to pursue its prosecution of the claims asserted in the Complaint. SoloKool denies the remaining averments of this paragraph.

## VII. CONDITIONS PRECEDENT

74. SoloKool lacks knowledge or information sufficient to form a belief as to the truth of this averment.

## VIII. JURY DEMAND

75. No response to this paragraph is required.

## IX. PRAYER FOR RELIEF

SoloKool denies that Solo Brands is entitled to any of the relief requested.

## X. SOLOKOOL'S JURY DEMAND

76. SoloKool demands a jury trial on all issues in the Complaint so triable in accordance with Fed.R.Civ.P. 38.

## XI. SOLOKOOL'S DEFENSES

77. There is no likelihood of confusion between SoloKool's SOLOKOOL mark and any of Solo Brands' prior registered marks.

78. Consumers will not be confused, mistaken, or deceived by SoloKool's use of its SOLOKOOL mark.

79. Consumers will not assume that Solo Brands is the origin of SoloKool's goods, or that SoloKool's use of SOLOKOOL is licensed by or endorsed by Solo Brands.

80. On information and belief, Solo Brands, LLC is not entitled to a statutory cause of action and lacks standing to pursue this action because Solo Brands, Inc. uses the marks, sells the portable air conditioning products, and is the entity harmed, if any. Solo Brands, Inc. is not a party here.

81. SoloKool reserves its right to assert all defenses under the Federal Rules of Civil Procedure, including Rule 8(c), under the Trademark laws of the United States, and any other and additional defenses, at law or in equity, that are now or may become available through discovery or trial in this action.

# SOLOKOOL'S COUNTERCLAIM AGAINST SOLO BRANDS

1. Pursuant to Fed. R. Civ. P. 13, Counterclaim plaintiff SoloKool LLC states the following counterclaim against Counterclaim defendant Solo Brands, LLC.

## I. PARTIES

2. Counterclaim plaintiff SoloKool LLC is a Texas limited liability corporation having a principal place of business at 3790 Westchase Drive, Houston, Texas 77042.

3. Counterclaim defendant Solo Brands, LLC is a Texas limited liability company having a principal place of business at 1001 Mustang Dr., Grapevine, Texas 76051.

## II. JURISDICTION AND VENUE

4. The Counterclaim is for a declaratory judgment under 28 U.S.C. § 2201 of non-registrability of Solo Brands' SOLO mark that is the subject of trademark application serial no. 98162609 filed in the USPTO on September 2, 2023. This Counterclaim arises under an Act of Congress relating to trademarks, and this court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

5. Solo Brands has consented to venue and personal jurisdiction by filing this action in this court.

## III. FACTUAL ALLEGATIONS

6. Owners of SoloKool have been continuously using marks containing the term SOLO on goods starting in 2008. Solo Brands describes marks containing the term "SOLO" as "SOLO-formative" marks. The SOLO-formative marks that SoloKool's owners have used include SOLOBREW, SOLOFILL, SOLOPAD, SOLOPOD, and SOLOGRIND.

7. On information and belief, when Solo Brands, LLC was formed in Texas in 2011, it was named Frontline Advance LLC, not Solo Brands, LLC. Solo Brands alleges that it, which was actually Frontline Advance LLC back then, began using a SOLO mark in January 2012

(Complaint ¶ 14). That mark was not SOLO by itself. Instead, the mark was SOLO STOVE, a SOLO-formative mark. No portable air conditioners were sold or promoted under that SOLO STOVE mark or any other SOLO-formative mark in 2012.

8. Therefore, SoloKool's owners began using a SOLO-formative mark approximately three years *before* Frontline Advance LLC, Solo Brands' predecessor, began using a SOLO-formative mark.

9. In 2018, the owners of SoloKool began preparations to design and develop a portable air conditioner, cooler, and related accessories. Their ultimate goal for this business was to manufacture, market, and sell a portable air conditioner, cooler, and related accessories to consumers in the United States and elsewhere. In furtherance of that goal, the owners of SoloKool obtained a website domain on November 25, 2020. The name of that website was, and still is, "SoloKool.com." SoloKool was formed on December 7, 2021 as a Texas limited liability company. The name chosen for both the website and the company at the very beginning, "SoloKool," obviously includes the term SOLO. SoloKool's use of its SOLO-formative trade name began at least as early as November 25, 2020, and SoloKool has used its SOLO-formative trade name continuously from then to the present in connection with portable air conditioners, coolers, and related accessories. SoloKool, and its owners prior to incorporation, have worked to design, develop, manufacture, market and sell its portable air conditioning unit continuously from 2018 until now. The portable air conditioning unit was continuously referred to as the SOLOKOOL unit from at least as early as November 25, 2020 until now and the trade name for the business has been SoloKool continuously from at least as early as November 25, 2020 until now.

10. Solo Brands, LLC is a subsidiary of Solo Brands, Inc. On information and belief, Solo Brands, Inc., not Solo Brands, LLC, is the entity that is attempting to sell portable air conditioners. Solo Brands, Inc. is not a party to this lawsuit. On information and belief, Solo Brands, Inc., a Delaware publicly traded company, did not develop its portable air conditioning unit internally. Solo Brands, Inc. purchased a portable air conditioning manufacturing and sales business from a company named IcyBreeze Cooling, LLC. That purchase did not close until July 1, 2023, and at that time the portable air conditioning units were marketed under the trademark ICYBREEZE. *None* of the portable air conditioning units marketed or sold before July 1, 2023 used a SOLO or SOLO-formative mark.

11. Before September 2, 2023 there were other SOLO-formative U.S. trademark registrations by third parties for refrigeration, cooling, outdoor products, and other goods, including: SOLOCHILL, SOLO-AIRE, SOLOTOUR, SOLÔFUN, SOLO-CONTROL, SOLOCART, SOLOHIKE, and SOLOWILDER. These marks have the following respective Registration Nos.: 5434501, 4091545, 6899206, 6100948, 4209685, 6888963, 6593811, and 6905528.

12. Solo Brands LLC filed trademark application serial no. 98162609 in the USPTO on September 2, 2023 for the SOLO mark. Solo Brands' trademark application was filed approximately three years *after* SoloKool began using its SoloKool trade name and *after* the SOLO-formative marks identified in the preceding paragraph were registered. There is no "formative" term included with SOLO in Solo Brands' trademark application. The application was filed in multiple classes including Class 11 for, among other goods, "Air conditioners; portable air conditioners; Air conditioning apparatus; airflow splitters for air conditioners in the nature of valves for directing airflow; air conditioning apparatus, namely extension tubes for use with

portable air conditioners; electric portable coolers; portable thermoelectric cooling units for food and beverages." The application has not been allowed and is currently in suspension. It is still pending at the USPTO, however, and could possibly issue as a registered mark in the future.

13.     If Solo Brands is allowed to register its SOLO mark, without any other distinguishing formative term, the SOLO mark is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Solo Brands with SoloKool or with the owners of the SOLO-formative registrations identified in paragraph 11.

**IV.     COUNTERCLAIM FOR DECLARATION OF NON-REGISTRABILITY**

14.     SoloKool realleges and incorporates by reference all material allegations in the preceding paragraphs as if fully set forth herein.

15.     There is an actual, substantial, continuing, and justiciable controversy between SoloKool and Solo Brands regarding the registrability of Solo Brands' SOLO mark. Solo Brands' SOLO mark is not registrable because it is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Solo Brands with SoloKool or with the owners of other SOLO-formative registrations. That likelihood of confusion makes Solo Brands' SOLO mark unregistrable under 15 U.S.C. § 1052(d). This court has the authority to order the USPTO to take action consistent with court orders pursuant to 15 U.S.C. § 1119. SoloKool seeks a declaratory judgment under 28 U.S.C. § 2201 that Solo Brands SOLO mark is not registerable and an order to the USPTO to refuse registration of that mark.

## V.    JURY DEMAND

16. SoloKool demands a jury trial on all issues so triable in accordance with Fed. R. Civ. P. 38.

## VI.    PRAYER FOR RELIEF

17. SoloKool requests that the court enter an order, judgment and/or a declaratory judgment that:

a.   registration application serial no. 98162609 filed in the USPTO on September 2, 2023 for SOLO is not registrable;

b.   demands the USPTO to refuse registration of application serial no. 98162609 filed in the USPTO on September 2, 2023 for SOLO;

c.   finds that this case is exceptional pursuant to 15 U.S.C. § 1117;

d.   awards SoloKool its costs and attorney's fees; and,

e.   awards all other relief to which SoloKool is entitled.

Dated:  September 29, 2025                     Respectfully submitted,

*/s/ Michael E. Wilson*
Attorney-In-Charge
*Pro Hac Vice* pending
Texas Bar No. 21704650
**MIKE WILSON LAW, PLLC**
1223 Commercial Street
Bellingham, WA  98225
Tel:  (713) 569-1198
Fax:  (360) 524-4393
E-mail:  Mike@MikeWilson.Law

Warren Norred
Texas Bar No. 24045094
**NORRED LAW PLLC**
515 E. Border Street
Arlington, TX 76010
Tel: (817) 500-9433
Email: WNorred@NorredLaw.com

***Attorneys for Defendant and Counterclaim Plaintiff SoloKool LLC***

## CERTIFICATE OF SERVICE

On September 29, 2025 I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Michael E. Wilson*