UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SOLO BRANDS, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 4:25-cv-00799-O |
| V. | § | |
| | § | |
| SOLOKOOL, LLC | § | |
| | § | |
| Defendant. | § | |

**JOINT STATUS REPORT AND PROPOSED DISCOVERY PLAN**

Pursuant to the Court's order of October 1, 2025, plaintiff, Solo Brands, LLC ("Solo Brands"), and defendant, SoloKool, LLC ("SoloKool"), through Bina Palnitkar (lead counsel) and Lars Berg (both for Solo Brands) and Michael Wilson (lead counsel) and Warren Norred (both for SoloKool), met by Zoom on October 13, 2025, to discuss the issues in the Court's order. The parties discussed some details related to a possible resolution but did not make meaningful progress toward settlement. They intend to continue to discuss settlement. The prospects for settlement remain uncertain. Based upon their conference, the parties file the following Joint Status Report:

1. **A brief statement of the claims and defenses:**

    **Solo Brands' Claims and Defenses:**

    Solo Brands is a widely recognized consumer lifestyle company known for its innovative and premium outdoor and recreational products. Solo Brands has become a household name because of its portfolio of high-profile brands that are heavily marketed. Those brands include goods and services sold under the SOLO and SOLO-formative marks. Those marks are entitled to

broad protection under trademark laws.  This lawsuit seeks to enforce the trademark laws against SoloKool's infringement on Solo Brands's trademarks by use of the claimed mark SOLOKOOL.

<u>**Solokool's Claims and Defenses:**</u>

The branded product at issue is a portable air conditioner that can be used outdoors. SoloKool began development of its portable air conditioner years before Solo Brands entered the market. Between the parties here, SoloKool's owners were the first to use a SOLO-formative trademark and they were the first to use a SOLO-formative name for their portable air conditioner business. SoloKool contends that there is no likelihood of confusion between the marks, but if there is confusion between SoloKool's mark and Solo Brands' marks, Solo Brands' marks are invalid because SoloKool was first.  SoloKool has counterclaimed for a declaratory judgment that Solo Brands' pending trademark application for SOLO should not be registered by the United States Patent and Trademark Office.

**2.      A proposed time limit to join other parties.**

The parties do not believe additional parties will be joined.

**3.      A proposed time limit to amend the pleadings.**

The parties propose that amended pleadings be filed on or before February 27, 2026.

**4.      A proposed time limit to file various types of motions, including dispositive motions.**

The parties propose motions for summary judgment or other dispositive motions be filed on or before August 21, 2026.

**5.      A proposed time limit for initial designation of experts.**

The parties propose that any party who intends to call any expert witness to testify on a matter on which that party has the burden of proof shall serve the information required by Federal Rule of Civil Procedure 26(a)(2) on or before July 15, 2026.

**6.      A proposed time limit for responsive designation of experts.**

A party who intends to call an expert witness to testify in response to any expert designated by a party on a matter on which that party has the burden of proof shall serve the information required by Federal Rule of Civil Procedure 26(a)(2) on or before August 14, 2026.

**7.      A proposed time limit for objections to experts (*i.e., Daubert* and similar motions)**

The parties propose that motions challenging expert designations or proposed expert testimony be filed on or before September 30, 2026.

**8.      A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases.**

The parties currently believe that discovery will be required on the brands.  The Parties propose that all fact discovery be complete on or before July 31, 2026.  The parties propose that expert discovery be complete on or before September 15, 2026.

**9.      A statement on whether any limitations on discovery need to be imposed, and if so, what limitations.**

At this time, the parties propose no changes to the limitations in discovery imposed under the rules.

**10.     A statement on how to disclose and conduct discovery on electronically sored information ("ESI") and any statement on disputes regarding disclosure and/or discovery of ESI.**

Subject to modification by further agreement of the parties or an order of this Court, the parties intend to produce ESI and hard documents according to an ESI protocol to be exchanged between the parties.

**11.    Any proposals regarding handling and protection of privileged or trial-preparation material that should be reflected in a Court Order.**

The parties plan to submit a proposed agreed order for the production and use of confidential information that includes provisions regarding the handling of privileged or trial-preparation material.

**12.    A proposed trial date, the estimated number of days for trial, and whether a jury has been demanded.**

The parties propose trial commence on November 16, 2026.  The parties estimate three to five days will be needed for trial.  A jury has been demanded.

**13.    A proposed date for further settlement negotiations.**

The parties have agreed to conduct further settlement discussions on May 20, 2026.

**14.    A statement as to when and how disclosures under Fed. R. Civ. P. 26(1) were made or will be made.**

The parties agree that each party's Rule 26(a)(1) disclosures will be due on or before October 28, 2025.

**15.    A statement as to whether the parties will consent to a trial (jury or bench) before United States Magistrate Judges Cureton or Ray.**

The parties do not consent to trial before a U.S. Magistrate.

**16.    Whether the parties are considering mediation.**

Solo Brands believes that mediation on or before the date agreed upon for further settlement discussions would be appropriate.

SoloKool believes that mediation is appropriate and that it should be conducted very early. The earliest use date and the type and extent of use of the marks are facts highly relevant to the disposition of the infringement and registrability issues. Those facts do not take long to gather. SoloKool contends that the parties should present those facts to each other and to a mediator with

some trademark expertise to see if the case issues can be resolved before each side spends much more time and money on expert witnesses to conduct surveys and determine whether the marks, which are not identical, are confusingly similar. SoloKool requests that mediation be set before December 31, 2025, or as soon thereafter as a mediator can be scheduled.

**17.     Any other proposals on scheduling and discovery that the partied believe will facilitate expeditious and orderly preparation for trial**.

The parties do not currently have any other proposals.

**18.     Whether a conference with the Court is desired.**

The parties do not currently desire a conference with the Court.

**19.     Any other matters relevant to the state and disposition of this case.**

None.

DATED this 27th day of October, 2025.

/s/ *Lars L. Berg*
Bina Palnitkar
State Bar No. 24070378
bina@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone: (214) 665-3600

Lars L. Berg
State Bar No. 00787072
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Tel.: (817) 332-2500
Fax: (817) 878-9280
lars.berg@kellyhart.com

**ATTORNEYS FOR PLAINTIFF
SOLO BRANDS LLC**


/s/ *Michael E. Wilson*
Michael E. Wilson
*Pro Hac Vice*
Texas Bar No. 21704650
**MIKE WILSON LAW, PLLC**
1223 Commercial Street
Bellingham, WA 98225
Tel: (713) 569-1198
Fax: (360) 524-4393
E-mail: Mike@MikeWilson.Law

Warren Norred
Texas Bar No. 24045094
**NORRED LAW PLLC**
515 E. Border Street
Arlington, TX 76010
Tel: (817) 500-9433
Email: WNorred@NorredLaw.com

**ATTORNEYS FOR DEFENDANT
SOLOKOOL LLC**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document is being served on counsel of record via the electronic filing system on this 27th day of October, 2025.


*/s/ Lars L. Berg*
Lars L. Berg