IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
<u>FORT WORTH DIVISION</u>

| | | |
|---|---|---|
| SOLO BRANDS, LLC | § | |
| | § | |
| *Plaintiff and* | § | Civil Action No. 4:25-CV-00799-O |
| *Counterclaim Defendant,* | § | |
| | § | |
| v. | § | |
| | § | |
| SOLOKOOL LLC, | § | Jury Trial Demanded |
| | § | |
| *Defendant and* | § | |
| *Counterclaim Plaintiff.* | § | |

**SOLOKOOL'S REPLY TO SOLO BRANDS' OPPOSITION TO
<u>MOTION TO STRIKE</u>**

The court need look no further than the first two sentences of the opposition, where Solo Brands alleges it "is the owner of the SOLO mark . . . [that] Defendant infringed" to see Solo Brands' obfuscation. Opposition at 1 (ECF No. 15). Solo Brands is the owner of an *application* to register the SOLO mark. There is no USPTO *registration* of the SOLO mark, which is important here because Solo Brands' trademark infringement claim is based on 15 U.S.C. § 1114, Complaint at ¶ 49 (ECF No. 1). That § 1114 relates to remedies for a "registrant" (Solo Brands is not one) suffering infringement of a "registered mark" (SOLO is not one).

Solo Brands argues that its two other causes of action, presumably Count II for false designation of origin and unfair competition, Complaint at ¶¶ 53-61, and Count III opposing registration in the USPTO of SoloKool's marks, Complaint at ¶¶ 62-71, "*are not dependent* on registrations." Opposition at 2 (emphasis in original). If those causes of action are not dependent on *registrations*, then they are not dependent on *applications for registration* either.

Solo Brands' reliance on 15 U.S.C. § 1125(a), which "protects **unregistered trademarks**," Opposition at 3 (emphasis in original), also undercuts their argument. That section provides

protection for owners of common law trademark rights.  It does not provide protection for owners of trademark *applications*. Solo Brands' trademark *applications* should be stricken from the Complaint because Solo Brands is dressing up its applications as if they were common law trademark rights. That charade has already resulted in the court's clerk being confused about which trademark rights are registered, and which trademark rights are only common law rights. Solo Brands' proposed solution, to wait until "[A] final pretrial order" is filed before fixing the problem, Opposition at 4, unjustifiably rewards them in the interim for their muddying of the trademark waters. SoloKool's Motion to Strike should be granted.

Dated:  November 3, 2025                                     Respectfully submitted,


*/s/ Michael E. Wilson*
*Pro Hac Vice*
Texas Bar No. 21704650
**MIKE WILSON LAW, PLLC**
1223 Commercial Street
Bellingham, WA  98225
Tel:  (713) 569-1198
Fax:  (360) 524-4393
E-mail:  Mike@MikeWilson.Law

Warren Norred
Texas Bar No. 24045094
**NORRED LAW PLLC**
515 E. Border Street
Arlington, TX 76010
Tel:  (817) 500-9433
Email:  WNorred@NorredLaw.com

***Attorneys for Defendant and Counterclaim Plaintiff SoloKool LLC***

- 3 -

## **CERTIFICATE OF SERVICE**

On November 3, 2025 I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Michael E. Wilson*